Dixon, J.
This is an action to construe the will of Susan S. Brown, deceased, and to obtain an order to sell and convert certain real estate belonging to the estate of the decedent.
The plaintiff, George S. Brown, was the husband of the decedent at the time of her death, and is the trustee under her will. The defendants are all those in being who are in anyway directly or indirectly interested in or affected by the provisions of the will.
It appears from the evidence that Alice L. Brown, mentioned in the will, who is a daughter of the testatrix, married one Stanley A. Hooker, Jr., shortly before her mother’s death and after the making of the will, and that two children have been born of said marriage. It further appears from the evidence that Agnes L. Brown, mentioned in the will, has died, unmarried, and that Ada Williams, another of the persons mentioned therein, has died, leaving as her sole surviving children and heirs at law, the defendants Leslie Williams and Jerome Williams. It is also in evidence that at the time of the execution of her will 'by Susan S. Brown and at the time of her death, her daughter, the defendant Alice L. Brown who is still living, was her only child and sole heir.
Item One of the will directs that all the debts of the testatrix be paid.
*411 Item, Two gives to the husband of the testatrix, George S. Brown, the use of the family residence during his life, together with the household furniture belonging to the testatrix therein.
Item Three gives to the daughter' of the testatrix, Alice L. Brown, all the wearing apparel of the testatrix together with her jewelry and silverware.
Item Four is a bequest of one hundred dollars to the Home for Incurables.
The remaining provisions of the will are as follows:
“Item Five. All the rest and residue of my estate, real, personal or mixed, I give, devise and bequeath to my beloved husband, George S. Brown, in trust to manage and invest said property, collect the rents, income and profits, and after payment of taxes, assessments, repairs and all other necessary expenses out of the rents, income and profits to pay any balance quarterly, one-half to my husband during his life for his separate use and support, but without power on his part of anticipation, alienation or subjection to his debts, said rents, income and profits, and one-half to my daughter, Alice L. Brown, for her separate use and support, but without power on her part of anticipation, alienation or subjection to her debts, said rents, income and profits.
“Item Six. In ease I survive my husband, I give, devise and bequeath to my daughter, Alice L. Brown, all my estate, real, personal or mixed, except the sum of $40,000, which is provided for by Item Seven of this will. If at my death my daughter be dead; with children or grandchildren living, said children or grandchildren of said deceased daughter to take said estate in such proportions as the law of Ohio would provide had said deceased daughter taken said estate under this item of this will and died intestate.
“Item Seven. In case I survive my husband, I will that the sum of $20,000 shall be held in trust by the Union Savings Bank & Trust Company of Cincinnati, Ohio, and the sum of $20,000, shall be held in trust in the Central Trust & Safe Deposit Company of Cincinnati, Ohio, to pay to my said daughter, Alice L. Brown, the income during her life. for her separate use and support, but without power on her part of anticipation, alienation or subjection to her debts said income, and at her death the principal to be paid to her heirs and devisees.
“Item Eight. If my daughter die without children or grandchildren, then I will and devise that all my estate shall go, one-seventh to my sister, Agnes L. Brown, one-seventh to my sister, Catherine B. Harries, one-seventh to my brother-in- *412 law, Charles A. Brown, one-seventh to my sister, Agnes L. Brown in trust for my brother, James T. Brown, one-seventh to my niece, Carolyn B. Ireland, one-seventh to my niece, Marion L. Brown, and one-seventh to my niece Ada Williams. If any of the above be not living at the time of my death, their share shall go to their children, or if none living, to their grandchildren, or if none living, then to the others named in equal parts.”
The primary question involved in the construction of this will is the determination of the interest or estate which the daughter, Alice L. Brown, receives thereunder, and the solution of this problem involves a consideration of Item Eight for the purpose of determining whether this item is to 'be applied to Item Five so as to create a life estate only in Alice L. Brown with a contingent remainder in the persons named in Item Eight, or whether Item Eight applies solely to the contingencies provided for in Item Six.
It will be observed that with the exception of certain small bequests, the entire estate of the testatrix is given by Item Five of her will to her husband, George ,S- Brown, as trustee, to pay one-half of the net income thereof to himself during his life and the other half to the daughter, Alice L. Brown. It will also be noted that no provision is made for the continuation of the trust created by this item beyond the life of George S. Brown. No dispisition is made of the proceeds of- the trust after the death of George S. B'rown, nor is there any provision made for the appointment of a trustee to succeed George S. Brown upon his death.
What then was the intention of the testatrix with reference to the continuation of the trust, the disposition of the trust funds and the vesting of the estate after the death of George S. Brown?
From all that appears in Item Eight of the will, the trust was created to continue only during the life of George S. Brown and to lapse upon his de'ath. If there was nothing further in the will there would be no question but that Alice L. Brown, being the sole heir of the testatrix, would receive the entire trust estate upon the death of George S. Brown, and would now be possessed of a vested estate in remainder. Inasmuch as both the husband and the daughter of the testatrix survive her, is *413 the vested estate in remainder which the daughter would possess under the above contingency, diminished or disturbed by any of the subsequent provisions of the will?
In Linton v. Laycock et al, 33 Ohio St., 128, the court .on page 134, lays down the following rule‘for guidance in the construction of wills:
“The controlling principle in the construction of wills, is the ascertainment of the intention of the testator. But where the intention remains in doubt, resort must be had to settled rules of construction for aid in the solution of the difficulty.
“It is well settled that the law favors the vesting of estates, therefore: ‘In the construction of the devisees of real estate.’ It has long been an established rule for the guidance of the court, that all estates are to be hoi den to be vested, except estates in the devise of which a condition precedent to the vesting is so clearly expressed that the courts can not treat them as vested without deciding in direct opposition to the terms of the will.’ (Per Best, C. J., Duffield v. Duffield, 1 Dow. & Cl. 311.)”
In Hamilton v. Rodgers, 38 Ohio St., 242. the court speaking through Longworth, J., say on page 255:
“Although coneedin|g' that in the interpretation of wills, courts in general favor that construction under which • estates will vest at the time of testator’s death, yet this, _like every other rule of construction, will be controlled by the intention of the testator as gathered from the whole will. As was said by Scott, J., in Richey v. Johnson, 30 Ohio St., 288-292: ‘We are to read the whole will and ascertain not only what the testator has said, but what he has forborne to say; and the construction given to any part of the will should conform to its general scope and purpose as collected from the wdiole document.’ ”
If we are to assume that the testatrix intended that Item Eight of her will was to be applied to or read in conjunction with Item Five, and the wmrds, “If my daughter die without children or grandchildren,” which appear in Item Eight, are to be construed as not referring to the lifetime of the testatrix but to any period thereafter, then there could be no absolute vesting of the estate in remainder until the death of the daughter, at which time it would pass to and vest in her children or grandchildren, if any survive her, otherwise, to the persons named in this item. In the interim between the death of *414 George S. Brown and the daughter, Alice L. Brown, the latter would be possessed of a life estate only. Or, to state the situation perhaps more accurately, Alice L. Brown would be the sole beneficiary for life of a trust which the testatrix did not create, and which would be administered by a trustee, in whose selection the testatrix -could have no voice. To place such a construction upon this will would, it seems, impute to the testatrix an intention wholly inconsistent with that which is clearly manifest by other provisions of the will, and at the same time, indicate a state of mind on the part of the testatrix toward her daughter for the existence of which neither the evidence adduced at the trial nor the will itself when considered as a whole, furnishes the slightest pretext.
Let us consider Items Six and Seven. These items it will be observed, are contingent upon the testatrix surviving her husband, and inasmuch as both George 8. Brown and Alice L. Brown survived the testatrix these contingencies did not become effective. However, for the purpose of ascertaining the general intention of the testatrix, let us assume that the testatrix did survive her husband. In this event, Alice L. Brown would acquire the entire estate disposed of - in Item Five; with the exception of $40,000, which sum is left in trust with designated trust companies. These companies as trustees, are required to pay the net income of said trust to Alice L. Brown during life, “and at her death the principal is to be paid to her heirs and devisees.” The use of the term “devisees” implies the right upon the part of Alice L. Brown to dispose of the corpus of this trust fund by will, and in event of her failure to make a will, the corpus of the trust fund would pass to her heirs; that is her children. In this contingency it will be observed, a portion of the estate would go to Alice L. Brown absolutely; the balance of the estate would be held in trust for her for life, and upon her death she would have the right to dispose of the entire trust estate iby will, and upon her failure to do so it would pass to her heirs.
If Alice L. Brown did not survive the testatrix, but left surviving children or grandchildren, the entire estate of the testatrix under the provisions of Item Six would pass to such children or grandchildren “in such proportions as the law of Ohio *415 would provide had said deceased daughter taken said estate under this item of this will and died intestate.” In other words, the situation would then have been the same as under the former contingency, provided the daughter had survived the testatrix and had subsequently died leaving no will.
But, if Alice L. Brown did not survive the testatrix and left no surviving children or grandchildren, what then? No provision was made by the testatrix in Item Six for this contingency. What then were her intentions in this event? Is not the logical and intended answer to this query found in the provisions of Item 8 ? While it is true that in Item 6, the testatrix uses words that are wholly free from ambiguity when she says: “If at my death my daughter be dead with children and grandchildren living,” and would naturally be expected to use the same clear language in Item 8, instead of the words, “If my daughter die without children or grandchildren,” if she meant in the latter item the death of her daughter prior to her own death, nevertheless, the mere failure on the part of the testatrix to use the same language to express the same intention in different items of her will should not be used as a pretext for placing upon the will a construction which apparently does violence to the intention of the testatrix as gathered from the evidence adduced at the trial and a careful analysis-of the instrument as a whole.
Bearing in mind that under the provisions of Items 6 and 7, Alice L. Brown, in the event that the testatrix had survived her husband, would have received the entire estate of her mother outright with the exception of the sum of $40,000, from which she would receive the income for life with the right to dispose of the fund itself by will, can it be said that the testatrix intended that her daughter should have only an uncertain, indefinite and contingent interest in her estate if the husband, George S. Brown, outlived his wife, the testatrix? Nothing in the evidence, nor in the will itself, indicates any intention or desire on the part of the testatrix to thus punish or penalize her daughter merely because the testatrix preceded her husband into the valley of eternal sleep. Such a construction of this will would not only deprive the daughter of what the mother clearly in *416 tended to give her, but at the same time, would prevent the absolute vesting of any part of the estate, some of which is real estate, until after the death of the daughter. On the other hand, there are most excellent reasons for holding that it was the intention of the testatrix to create a life estate only during the life of her husband, the plaintiff, George B. Brown, and thereafter to give her entire estate to her daughter. Under the management of her husband as trustee, in whom she apparently had the utmost confidence both as to integrity and business ability, she no dou/bt believed, as she might well do, that her estate would be well managed and preserved during the life, of her husband and that upon his death, her daughter in the meantime having advanced in years and experience, would be well qualified and properly equipped to receive the entire estate upon the death of her father free from all trust restrictions.
As further evidence that the testatrix when she used the words in Item 8 of her will, “If my daughter die without children or grandchildren,” was referring to the death of the daughter prior to her own death, it will be observed that in the last sentence of Item 8 the following language appears: “ If any of the above be not living at the time of my death,” etc. These words when given their ordinary and natural meaning, clearly indicate that the time for distribution among the persons mentioned in this item was fixed by the testatrix at her death, but that if Alice L. Brown, the daughter, were living at the death of the testatrix, the provision made for the persons named in this item would not take effect.
For these reasons the conclusion is inevitable that the testatrix ' intended the provisions of Item 8 of her will to apply to and expand Item 6 in the event of the death of the daughter prior to the testatrix, without surviving children or grandchildren, and that therefore, Alice L. ’Brown, having survived her mother, the testatrix,- took upon the death of the testatrix'an absolutely vested estate subject to the trust created by Item 5 for the life of George S. Brown.
An order may also be taken for the sale of the real estate described in the petition, for the reasons and purposes therein set forth.